UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 09-CV-82293-RYSKAMP/VITUNAC
09-CR-80158-RYSKAMP

ANTHONY MASILOTTI,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
    _____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** comes before the Court on Anthony Masilotti's motion for reconsideration **[DE 23]** filed on April 12, 2010. In the motion, Mr. Masilotti, without providing the legal standard governing a motion for reconsideration, requests that the Court reconsider its order denying his motion for a certificate of appealability.[1] Specifically, Mr. Masilotti contends that he demonstrated the merits of a constitutional claim in his § 2255 motion, which supports the issuance of such a certificate.

---

[1] The Court construed Mr. Masilotti's notice of appeal **[DE 19]** as a motion for a certificate of appealability **[DE 21]**. In the notice, Mr. Masilotti notified the Court that he was appealing this Court's order **[DE 17]** adopting Judge Vitunac's report and recommendation. In her report **[DE 13]**, Judge Vitunac recommended the denial of Mr. Masilotti's petition on both substantive and procedural grounds. Judge Vitunac's report addressed the substance of Mr. Masilotti's claim, finding the petition to be meritless because the undersigned did not declare the honest services statute unconstitutional in his order denying Mr. Masilotti's motion to reduce his sentence. *See* 06-CR-80158-RYSKAMP at **[DE 60]**. However, Judge Vitunac did not need to reach the substance of the claim because, as she found in her report, the petition was procedurally barred due to Mr. Masilotti's failure to file the petition within the time constraints provided by Congress in 28 U.S.C. § 2255(f). After conducting a *de novo* review, the Court adopted Judge Vitunac's report and denied Mr. Masilotti's petition.

1

A district court is justified in reconsidering a prior order under Federal Rule of Civil Procedure 60(b) when (1) there is an intervening change of law; (2) new evidence is available; or (3) there is a need to correct clear error or manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002); *Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Mr. Masilotti does not argue that there has been an intervening change of law or that new evidence is available. Rather, Mr. Masilotti seemingly argues that reconsideration of the Court's order denying the certificate of appealability is appropriate because of clear error or manifest injustice. Mr. Masilotti is wrong. The United States Supreme Court has stated that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Therefore, because the Court, by adopting Judge Vitunac's report, found that the petition was procedurally barred, the petitioner had the burden to make both showings to justify the issuance of the certificate. *See* **[DE 13, 17]**. In his notice of appeal, construed as a motion for a certificate of appealability, Mr. Masilotti failed to show that a reasonable jurist could find that the petition was not procedurally barred. Therefore, the motion for reconsideration must be denied because the Court committed no error and granting the motion would not prevent any manifest injustice.

The Court has carefully considered the motion, applicable law, and pertinent portions of the record. For the foregoing reasons, it is hereby

3

**ORDERED AND ADJUDGED** that Anthony Masilotti's motion for reconsideration **[DE 23]** is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 7 day of May, 2010.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE